# SUPREME JUDICIAL COURT,

FOR THE

## COUNTY OF PLYMOUTH, OCTOBER TERM, 1873, AT PLYMOUTH.

PRESENT:

Hon. HORACE GRAY, Chief Justice.
Hon. SETH AMES,
Hon. MARCUS MORTON,
Hon. WILLIAM C. ENDICOTT, } Justices.
Hon. CHARLES DEVENS, Jr.,

---

COMMONWEALTH *vs.* OSCAR F. SAMPSON & another.

In an indictment under Gen. Sts. c. 87, § 7, for keeping and maintaining a tenement used for the illegal keeping and sale of intoxicating liquors, it is not necessary to allege by whom the tenement was used.

INDICTMENT which alleged " that Oscar F. Sampson and George Tolman, of Marshfield, in the county of Plymouth, at Marshfield, in the county of Plymouth, on the first day of May, in the year of our Lord eighteen hundred and seventy-two, and on divers other days and times between that day and the day of the finding of this indictment, did keep and maintain a certain tenement then and there used for the illegal sale and illegal keeping of intoxicating liquors ; whereby, and by force of the statute in such case made and provided, the said tenement then and there kept and maintained by the said Oscar F. Sampson and George

Tolman, and then and there used as aforesaid, was then and there a common nuisance ; to the great injury and common nuisance of all the peaceable citizens of said Commonwealth there residing, inhabiting and passing, against the peace and dignity of the Commonwealth aforesaid, and contrary to the form of the statute in such case made and provided."

In the Superior Court, before the jury had been sworn, the defendant Sampson filed the following motion :

" And now before a jury has been sworn in this case, the said Oscar F. Sampson comes and moves that said indictment be quashed, and for cause says, that it nowhere appears, nor is alleged in said indictment, that the tenement named in the indictment was by the defendant, or with his knowledge or consent, or for him used for the illegal sale or illegal keeping of intoxicating liquor, or that it was so used by any person or corporation known to the law, and because said indictment is in other respects insufficient."

The court overruled the motion. Upon the trial the jury returned a verdict of guilty, and the defendant Sampson alleged exceptions.

*P. Simmons*, for the defendant Sampson.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. This indictment is in the usual form, and is sufficient. The offence consists in keeping and maintaining the tenement. It is alleged that the defendant did this, and it is immaterial by whom it was used. *Commonwealth* v. *Kimball*, 7 Gray, 328. *Commonwealth* v. *Kelly*, 12 Gray, 175.

*Exceptions overruled.*